IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

ALEJANDRA SAUCEDO,                      )
   Plaintiff,                                )
                          )
v.                                      )
                          )
COUNTY OF EL PASO;                      )
SERGEANT MONICA VARELA,                 )           CASE NO. 3:25-cv-00360
in her individual and official capacities; )
DEPUTY EDGAR RAYGOZA,                   )
in his individual and official capacities; )
and JOHN DOES 1-10,                     )
in their individual and official capacities, )
   Defendants.                               )

## PLAINTIFF'S ORIGINAL COMPLAINT

### I. Introduction

This is a civil action arising from violations of civil rights. Alejandra Saucedo (hereinafter "Plaintiff"), by and through her attorney, Joshua C. Spencer, brings this action against County of El Paso, Sergeant Monica Varela, in her individual and official capacities, Deputy Edgar Raygoza**,** in his individual and official capacities, and John Does 1–10**,** in their individual and official capacities (collectively, "Defendants"). For causes of action, Plaintiff respectfully shows the Court as follows:

### II. Jurisdiction and Venue

1.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(a)(3)-(4) (civil rights), as Plaintiff asserts claims arising under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

2.      Supplemental jurisdiction over related state law claims is proper pursuant to 28 U.S.C. §

1367, but only as to state law claims that do not require notice under the Texas Tort Claims Act,

specifically intentional torts and claims not subject to TTCA notice requirements.

3.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because all or a substantial part

of the events or omissions giving rise to the claims occurred in El Paso County, Texas, within the

Western District of Texas, El Paso Division, and all Defendants reside in or are employed within

this district.

### III. Parties

4.      Plaintiff ALEJANDRA SAUCEDO is an individual residing in El Paso County, Texas. At

all relevant times, Plaintiff was a resident of the Western District of Texas and is the victim of the

acts and omissions described herein.

5.      Defendant COUNTY OF EL PASO is a municipal corporation organized under the laws

of the State of Texas, and at all relevant times was responsible for the policies, practices, and

customs of its law enforcement agencies, including the El Paso County Sheriff's Office and its

employees. The County is sued only for federal claims and for state law claims not requiring notice

under the Texas Tort Claims Act. The County may be served with process by serving Ricardo A.

Samaniego, El Paso County Judge, at 500 E. San Antonio, Suite 301, El Paso, Texas 79901.

6.      Defendant SERGEANT MONICA VARELA is, upon information and belief, a law

enforcement officer employed by the El Paso County Sheriff's Office and is sued in both her

individual and official capacities. At all relevant times, Sergeant Varela acted under color of state

law and within the scope of her employment. She may be served at the El Paso County Sheriff's

Office, 3850 Justice Dr., El Paso, Texas 79938.

7.      Defendant DEPUTY EDGAR RAYGOZA is, upon information and belief, a law enforcement officer employed by the El Paso County Sheriff's Office and is sued in both his individual and official capacities. At all relevant times, Deputy Raygoza acted under color of state law and within the scope of his employment. He may be served at El Paso County Sheriff's Office, 3850 Justice Dr., El Paso, Texas 79938.

8.      Defendants JOHN DOES 1-10 are other law enforcement officers or employees whose identities are presently unknown, who participated in or were responsible for the acts and omissions described herein, and are sued in their individual and official capacities. Plaintiff will amend this Complaint to substitute the true names and capacities of the Doe Defendants when ascertained. At all relevant times, each Defendant acted under color of law and within the scope of their employment with the County of El Paso and/or the El Paso County Sheriff's Office.

## IV, Factual Allegations

10.     Plaintiff Alejandra Saucedo is the granddaughter of an elderly man suffering from Alzheimer's and dementia, whom she considers her father due to his guardianship during her childhood. On September 2, 2023, Saucedo encountered her grandfather in distress at a church in Horizon, Texas, after he had been expelled from his home by his daughters, including Magdalena. Saucedo observed her grandfather shaking, crying, and appearing to be in crisis. During this time, law enforcement officers contacted Saucedo by phone, informing her that her sister had reported her grandfather missing. Saucedo explained the situation and agreed to meet the officers at the church. Upon their arrival, officers advised Saucedo to file a report with Adult Protective Services (APS) and to return her grandfather to his residence at 490 Carnley, San Elizario, Texas.

11.     Upon returning to the residence, Saucedo and her husband assisted her grandfather in moving his belongings inside. A verbal altercation ensued between Saucedo and Magdalena

regarding the grandfather's safety and property rights. Magdalena allegedly assaulted Saucedo by pulling her hair, causing Saucedo to lose consciousness and later be diagnosed with a concussion. Saucedo's husband called 911, and deputies, including Deputy Edgar Raygoza and Sergeant Monica Varela, responded to the scene.

12.    Saucedo alleges that Deputy Raygoza and Sergeant Varela failed to conduct an impartial and thorough investigation. Specifically, Raygoza allegedly interviewed only Saucedo and Magdalena, disregarding other witnesses present. Saucedo asserts that the deputies appeared biased in favor of Magdalena, possibly due to a personal relationship. Despite Saucedo's account of being assaulted, Raygoza issued her a citation for assault by contact, which she contends was unwarranted and based on false premises. Saucedo further alleges that Raygoza initially indicated the citation was for trespassing, only for her to later discover it was for assault. Saucedo's attempts to obtain clarification from Raygoza and to speak with Sergeant Varela were unsuccessful, as her requests for communication were ignored.

13.    On October 13, 2023, Saucedo appeared in court regarding the citation. The prosecuting attorney expressed concern over Raygoza's handling of the case, noting the potential legal consequences had Saucedo been arrested for family violence. The citation was ultimately dismissed. Saucedo was advised by the prosecuting attorney and court staff to file a new police report naming herself as the victim and to submit an Internal Affairs complaint against Raygoza.

14.    Saucedo subsequently filed two sworn complaints with Internal Affairs, alleging dereliction of duty, bias, and retaliation by Deputy Raygoza and Sergeant Varela. She asserted that Sergeant Varela failed to ensure proper handling of the call and later filed a criminal report against Saucedo in retaliation for the Internal Affairs complaint. Saucedo discovered that Sergeant Varela had generated a second report (2023-13680) accusing Saucedo and her husband of harassment and

criminal mischief, which Saucedo contends was fabricated and based on false information. Saucedo alleges that Sergeant Varela omitted exculpatory facts, such as the presence of a civil escort and the grandfather's consent to property access and failed to verify the accuracy of the report.

15.    Multiple witness statements corroborate Saucedo's allegations of investigative deficiencies and bias. Sergeant Daniel Rodriguez, who met with Saucedo at the station, observed that deputies appeared nervous and unsure of themselves, and concluded that Saucedo should have been named the victim. Rodriguez also witnessed Sergeant Varela reading Saucedo's Internal Affairs statement, despite an open investigation against her, and making a copy of the statement for her own use. Detective Melena Nava, who reviewed body camera footage and investigated the case, noted confusion over the generation of multiple reports for the same incident and questioned the necessity of the second report. Deputy Sergio Puebla, who responded to the September 6, 2023 civil escort call, confirmed that Saucedo's grandfather was of sound mind and had the authority to access his property, and that the incident was properly classified as a civil matter rather than a criminal offense.

15.    The investigative report documents numerous specific inconsistencies, omissions, and procedural failures by Sergeant Varela that support Plaintiff's claims of fabrication, retaliation, and failure to follow proper procedures. In her criminal report (2023-13680), Varela omitted critical facts established by body camera footage and witness statements, including that Deputy Puebla and Deputy Acosta had previously responded to the property on September 6, 2023, as a civil escort, and that Saucedo and her husband entered the property with the grandfather's consent and in the deputies' presence. Varela's report failed to mention that the grandfather, who was determined by Deputy Puebla to be of sound mind, authorized the entry and that the incident was

classified by responding deputies as a civil matter, not a criminal offense. Instead, Varela characterized the incident as criminal trespass and property damage without verifying these facts or acknowledging the prior law enforcement involvement.

16.     Varela made conflicting statements about her knowledge of the September 6, 2023 incident. She initially denied any prior awareness, but body camera footage and administrative records revealed that she had been briefed by Deputy Puebla about the call and discussed the matter with both Puebla and Sergeant Gonzalez. Varela also claimed that Magdalena did not know which deputy responded to the September 6 call, but body camera footage captured Magdalena correctly identifying Puebla as the responding deputy during a phone call with Varela. Despite these facts, Varela omitted Deputy Puebla's involvement and the civil nature of the dispute from her report.

17.     Further, Varela's handling of Saucedo's Internal Affairs statement was improper. Although she initially denied reading the statement, body camera footage and witness accounts confirmed that Varela read and copied the statement while the investigation was still open and did so without proper authorization. Administrative records also show that Varela approved Raygoza's initial report without requiring supplements from all assisting deputies, contrary to standard procedure, and delayed the approval and assignment of her own report (2023-13680), resulting in duplicate and uninvestigated reports that remained unresolved for months.

18.     These documented discrepancies, omissions, and failures—including the omission of exculpatory facts, conflicting accounts of her knowledge and communications, improper handling of internal affairs materials, and administrative mishandling of reports—demonstrate a pattern of fabrication, retaliation against Plaintiff for filing complaints, and a failure to follow proper investigative procedures, all of which directly contributed to the harm suffered by Plaintiff.

19.     Saucedo alleges that the conduct of Deputy Raygoza and Sergeant Varela, including the fabrication of evidence, retaliatory filing of criminal charges, failure to investigate impartially, and suppression of exculpatory information, resulted in the deprivation of her constitutional rights under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. She further alleges that the County of El Paso, through its policies, practices, and customs, failed to adequately train, supervise, and discipline its law enforcement officers, thereby tolerating dishonesty and enabling the violations described herein.

20.     As a direct and proximate result of Defendants' actions and omissions, Saucedo suffered physical injury, emotional distress, reputational harm, and deprivation of her rights under federal and state law. The pattern of misconduct, retaliation, and systemic failures described herein forms the basis for the legal claims asserted in this Complaint.

**V. Causes of Action**

21.     Plaintiff incorporates by reference all preceding paragraphs and asserts the following causes of action against Defendants, individually and collectively. Plaintiff expressly excludes any state law claims that require notice under the Texas Tort Claims Act and asserts only federal claims and state law intentional torts for which TTCA notice is not required.

**First Cause of Action: Violation of Civil Rights**
**Under 42 U.S.C. § 1983 – Fabrication of Evidence and False Reporting**

22.     Defendants acting under color of law, intentionally fabricated evidence and made false statements in official reports, including but not limited to the criminal report generated by Sergeant Monica Varela (Report No. 2023-13680), which accused Plaintiff of criminal conduct without factual basis and omitted exculpatory information. These actions deprived Plaintiff of her rights under the Fourth, Fifth, and Fourteenth Amendments, including the right to due process and a fair investigation.

**Second Cause of Action: Violation of Civil Rights
Under 42 U.S.C. § 1983 – Retaliation for Protected Activity**

23.    Defendants, including Sergeant Varela, retaliated against Plaintiff for exercising her First Amendment rights by filing an Internal Affairs complaint and seeking redress for official misconduct. The retaliatory filing of a criminal report against Plaintiff was intended to punish her for protected speech and petitioning activity, in violation of the First and Fourteenth Amendments.

**Third Cause of Action: Violation of Civil Rights
Under 42 U.S.C. § 1983 – Malicious Prosecution and Abuse of Process**

24.    Defendants initiated and continued criminal proceedings against Plaintiff without probable cause and with malice, including the issuance of an assault citation and the generation of a criminal report based on false and incomplete information. These actions were undertaken for improper purposes, including retaliation and personal animus, and resulted in the deprivation of Plaintiff's liberty and reputation.

**Fourth Cause of Action: Violation of Civil Rights
Under 42 U.S.C. § 1983 – Failure to Train, Supervise, and Discipline (Monell Liability)**

25.    Defendant County of El Paso, through its policies, practices, and customs, failed to adequately train, supervise, and discipline its law enforcement officers, including Defendants Varela and Raygoza. The County tolerated dishonesty, investigative deficiencies, and retaliatory conduct, which were the moving force behind the constitutional violations suffered by Plaintiff. Plaintiff does not assert any claims against the County of El Paso under the Texas Tort Claims Act, and Monell liability is asserted solely for federal claims.

26.    Plaintiff asserts only state law claims that do not require notice under the Texas Tort Claims Act, specifically intentional torts against individual defendants, and does not assert any TTCA-based claims or claims for negligence or gross negligence.

**Fifth Cause of Action: Violation of Civil Rights**
**Under 42 U.S.C. § 1983 – Failure to Protect and Deliberate Indifference**

27.     Defendants failed to protect Plaintiff from harm and acted with deliberate indifference to her safety and constitutional rights, including the failure to properly investigate family violence, interview witnesses, and objectively determine the aggressor. These omissions resulted in Plaintiff being wrongfully accused and deprived of her rights under the Fourteenth Amendment.

**Sixth Cause of Action: State Law Claim – False Reporting and Tampering with**
**Governmental Record (Texas Penal Code §§ 37.08, 37.09)**

28.     Defendant Sergeant Varela knowingly filed a criminal report containing false information and omitted material facts, including the presence of a civil escort and the grandfather's consent to property access. Such conduct constitutes false reporting and tampering with a governmental record under Texas law and is actionable for damages if it results in harm to Plaintiff.

**Seventh Cause of Action: State Law Claim –**
**Defamation (Texas Civil Practice & Remedies Code § 73.001)**

29.     Defendants published false statements in official reports, including accusations of assault, harassment, and criminal mischief, which were untrue and made with actual malice. These statements were disseminated to third parties, including law enforcement, prosecutors, and court personnel, causing Plaintiff reputational harm and emotional distress. Plaintiff seeks damages for defamation under Texas law.

**Eighth Cause of Action: State Law Claim –**
**Assault (Texas Penal Code § 22.01)**

30.     Plaintiff was physically assaulted by Magdalena, who is not named as a defendant herein but whose conduct is referenced as part of the factual background. To the extent any individual Defendant aided, abetted, or failed to intervene in the assault, Plaintiff reserves the right to assert

claims for assault under Texas law against those individuals. No claim for assault is asserted against the County of El Paso, as municipalities are not liable for intentional torts under Texas law.

**Ninth Cause of Action: State Law Claim –
Malicious Prosecution and Abuse of Process**

31.    Defendants, including Sergeant Varela and Deputy Raygoza, initiated criminal proceedings against Plaintiff without probable cause and for improper purposes, including retaliation for Plaintiff's filing of an Internal Affairs complaint. The issuance of a citation and criminal report based on false information constitutes malicious prosecution and abuse of process under Texas law, entitling Plaintiff to damages. These claims are asserted only against individual defendants and do not require notice under the Texas Tort Claims Act.

32.    Defendants initiated criminal proceedings against Plaintiff without probable cause and for improper purposes, including retaliation for Plaintiff's filing of an Internal Affairs complaint. The issuance of a citation and criminal report based on false information constitutes malicious prosecution and abuse of process under Texas law, entitling Plaintiff to damages. These claims are asserted only against individual defendants and do not require notice under the Texas Tort Claims Act.

**Tenth Cause of Action: State Law Claim –
Intentional Infliction of Emotional Distress**

33.    Defendants engaged in extreme and outrageous conduct, including fabrication of evidence, retaliatory prosecution, and suppression of exculpatory information, with the intent to cause Plaintiff severe emotional distress. As a direct result, Plaintiff suffered significant emotional harm, for which she seeks recovery under Texas law.

**VI. Damages and Relief Sought**

34.    Plaintiff seeks all relief available under law and equity, including but not limited to:

a)      **Compensatory Damages:** For physical injury, emotional distress, reputational harm, and deprivation of constitutional and statutory rights, including damages for pain and suffering, mental anguish, and loss of enjoyment of life resulting from Defendants' conduct.

b)      **Punitive Damages:** Against the individual Defendants only, for conduct undertaken with malice, reckless disregard, or deliberate indifference to Plaintiff's rights, as permitted by federal and Texas law. No punitive damages are sought against the County of El Paso.

c)      **Attorney's Fees and Costs:** Pursuant to 42 U.S.C. § 1988 and applicable law, Plaintiff seeks reasonable attorney's fees, expert fees, and costs incurred in prosecuting this action for federal claims and intentional tort claims, but not for any claims requiring notice under the Texas Tort Claims Act.

d)      **Pre- and Post-Judgment Interest:** As allowed by law.

e)      **Any Other Relief:** As the Court deems just and proper, including leave to amend the Complaint as necessary.

## VII. Jury Demand and Prayer for Relief

35.    Plaintiff demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendants, awarding all damages and relief set forth above, together with costs of suit, attorney's fees, and such other and further relief as the Court deems just and proper.

Respectfully submitted,

**JOSHUA C. SPENCER**
1009 Montana Ave.
El Paso, Texas 79902
Tel: (915) 800-0691

Fax: (915) 532-7535
joshua@lawrhinos.net

BY:    */s/ Joshua C. Spencer*
      **JOSHUA C. SPENCER**
      State Bar No. 24067879