# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **ALEJANDRA SAUCEDO,**<br><br>***Plaintiffs*,**<br><br>**v.**<br><br>**COUNTY OF EL PASO, SERGEANT MONICA VARELA, in her individual and official capacities, DEPUTY EDGAR RAYGOZA, in his individual and official capacities, and JOHN DOES 1-10, in their individual and official capacities,**<br><br>***Defendants*.** | § § § § § § § § § § § § § § § | **No. 3:25-CV-00360-LS** |

**ORDER GRANTING DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS**

El Paso County and Deputy Edgar Raygoza move to dismiss Alejandra Saucedo's claims against them. The motion is granted.

**Facts**

The live complaint alleges that two El Paso County Sheriff's deputies, Sergeant Monica Varela and Deputy Edgar Raygoza, responded to an altercation between plaintiff Alejandra Saucedo ("Alejandra") and "Magdalena." After speaking with both Alejandra and Magdalena, Deputy Raygoza issued Alejandra a citation for assault, which a court later dismissed. Alejandra alleges in this lawsuit that the deputies erred and should have issued the citation to Magdalena instead. Alejandra also alleges that she thereafter filed two internal affairs complaints against the deputies and that Sgt. Varela generated two new inaccurate criminal reports against Alejandra in retaliation for the internal affairs complaints. There is no allegation that Sgt. Varela's retaliatory

reports resulted in any prosecution. Sgt. Varela was never served in this lawsuit and the deadline for doing so has long since expired.

**The Law**

A party may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which a court can grant relief. To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[1] "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[2] A complaint must support legal conclusions with factual allegations.[3]

The Court takes all factual allegations as true and construes them in the light most favorable to the plaintiff.[4] Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[5] "'[N]aked assertions' devoid of 'further factual enhancement'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not entitled to the presumption of truth.[6] A Rule 12(b)(6) motion to dismiss for failure to state a claim "is viewed with disfavor and is rarely granted."[7]

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[2] *Id.*
[3] *Id.* at 679; *see also Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010).
[4] *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007); *see also Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).
[5] *Twombly*, 550 U.S. at 555.
[6] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (holding the Court should not "strain to find inferences favorable to the plaintiffs" or credit "conclusory allegations, unwarranted deductions, or legal conclusions").
[7] *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)).

rights of which a reasonable person would have known."[8] A plaintiff must plead facts "showing (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct" to overcome an assertion of qualified immunity.[9]

**The *Monell* Claim Against El Paso County**

El Paso County cannot be held liable under 42 U.S.C. § 1983 unless "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury."[10] Moreover, "[a] plaintiff may not recover against a municipality via theories of *respondeat superior*—the municipality itself must be responsible for the constitutional violation."[11] A viable "*Monell*" claim in this regard requires a plaintiff to show "(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or custom)."[12] Alejandra's only allegations are that:

> Defendant County of El Paso, through its policies, practices, and customs, failed to adequately train, supervise, and discipline its law enforcement officers, including Defendants Varela and Raygoza. The County tolerated dishonesty, investigative deficiencies, and retaliatory conduct, which were the moving force behind the constitutional violations suffered by Plaintiff.[13]

The *Monell* claim against El Paso County is dismissed because Alejandra pleads no facts supporting these conclusory allegations. Moreover, although the Texas Tort Claims Act[14] ("TTCA") "provides a limited waiver of immunity for certain suits against Texas governmental

---

[8] *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quotations and citations omitted).
[9] *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (quotations and citations omitted).
[10] *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978).
[11] *Martinez v. Nueces Cnty*., 71 F.4th 385, 389 (5th Cir. 2023).
[12] *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).
[13] ECF No. 1 at 8.
[14] Tex. Civ. Prac. & Rem. Code § 101.001 et seq.

entities,"[15] Alejandra's complaint asserts no claims under the TTCA nor any under a state statute providing a private cause of action against a Texas county directly.

**The Claims Against Deputy Edgar Raygoza**

The *only* facts that Alejandra pleads as to Deputy Raygoza is that he "*allegedly* interviewed only Saucedo and Magdalena" and issued a citation only to Alejandra.[16] All remaining allegations, including the allegations about retaliatory conduct relating to the internal affairs complaints, concern only Sergeant Varela. The allegations against Deputy Raygoza, standing alone, do not begin to establish the violation of a clearly established constitutional right, much less a cognizable state law cause of action. Accordingly, all causes of action against him are dismissed for failure to state a claim, and all federal claims are also dismissed based on qualified immunity, especially given Plaintiff's failure to respond to the defendants' dismissal motion. Indeed, in light of such failure, "the court may grant [it] as unopposed."[17] Finally, Plaintiff has not sought leave to amend in the event the Court dismisses any claims.

**Conclusion**

The Court **GRANTS** Defendants' unopposed Rule 12(b)(6) motion to dismiss for failure to state a claim [ECF No. 10] and **STAY DISCOVERY** in this case until Plaintiff files a viable complaint that survives a Rule 12(b)(6) dismissal motion. Plaintiff may file a motion for leave to file an amended complaint, with the proposed pleading attached, **no later than August 21, 2026**.

[15] *Bustos v. Martini Club*, 599 F.3d 458, 462 (5th Cir. 2010).
[16] ECF No. 1 at 4 (emphasis added).
[17] Local Court Rule CV-7(D)(2).

**SO ORDERED**.

**SIGNED** and **ENTERED** on August 5, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**